

United States District Court
Western District Of New York

Robert McFadden (#14-B-3670)
(Plaintiff)

~ VS. ~

Claim No.: NONE
22-CV-74JLS

John T. Bradley, ESQ.
Timothy P. Donaher, ESQ.
Office Of The Public Defender , (Defendants)

This is a civil action seeking relief and damages
to defend and protect the rights guaranteed by the constitution
of the United States. This action is brought pursuant to
42 U.S.C. 1983. The court has jurisdiction over the action
pursuant to 28 U.S.C. 1331, 1343 (3) and (4), and 2201. Also
in accordance with 42 U.S.C. 1997 (e)(a).

—— Plaintiff's Information ——

Robert McFadden #14-B-3670
Present Place Of Confinement Address:  Southport Correctional Facility
                                        P.O. Box 2000
                                        Pine City, New York 14871

## — Defendants Information —

Name of Defendant: John T. Bradley, ESQ.
Official Position of Defendant: Public Defenders Office Attorney
Defendant Is Being Sued: In his official & Individual Capacity
Address of Defendant: Office Of The Public Defender
                      Monroe County, New York
                      10. N. Fitzhugh Street
                      Rochester, New York 14614

Name of Defendant: Timothy P. Donaher, ESQ.
Official Position Of Defendant: Public Defender
Defendant Is Being Sued: In his official & Individual Capacity
Address of Defendant: Office Of The Public Defender
                      Monroe County, New York
                      10 N. Fitzhugh Street
                      Rochester, New York 14614

Name Of Defendant: Office Of The Public Defender
Official Position of Defendant: Representing Indigent Defendants
Defendant Is Being Sued: In its official Capacity
Address Of Defendant: Office Of The Public Defender
                      Monroe County, New York
                      10 N. Fitzhugh Street
                      Rochester, New York 14614

There are NO previous lawsuits in state or federal court dealing with the same facts involved in this action. The Plaintiff has the following civil suits filed which relates to his imprisonment which are described as follows:

① Robert McFadden -VS.- The State Of New York
Ⓐ Jurisdiction: New York State Court Of Claims
Ⓑ Claim No.: 133225
Ⓒ Date The Action Was Filed: June 17TH, 2019
Ⓓ Disposition Of The Case: Still Pending Litigation

② Robert McFadden -VS.- The State Of New York
Ⓐ Jurisdiction: New York State Court Of Claims
Ⓑ Claim No.: 133437
Ⓒ Date The Action Was Filed: August 2ND, 2019
Ⓓ Disposition Of The Case: Still Pending Litigation

③ Robert McFadden
    - VS. -
  Lynn Connors, ET AL.
Ⓐ Jurisdiction: United States District Court, Western District Of New York
Ⓑ Claim No.: 19-CV-766-LJV-LGF
Ⓒ Date The Action Was Filed: June 10TH, 2019
Ⓓ Disposition Of The Case: Pending Trial

(4) Robert McFadden - Vs. - The State Of New York
(A) Jurisdiction: New York State Court Of Claims
(B) Claim No.: 134490
(C) Date The Action Was Filed:
(D) Disposition Of The Case: Pending Trial

(5) Robert McFadden - Vs. - The State Of New York
(A) Jurisdiction: New York State Court Of Claims
(B) Claim NO.: 134622
(C) Date The Action Was Filed:
(D) Disposition Of The Case: Pending Trial

(6) Robert McFadden - Vs. - The State Of New York
(A) Jurisdiction: New York State Court Of Claims
(B) Claim NO.: 134687
(C) Date The Action Was Filed: May 26TH, 2020
(D) Disposition Of The Case: Pending Trial

(7) Robert McFadden - Vs. - William Keyser (Writ Of Habeas Corpus)
(A) Jurisdiction: Western District Of New York
(B) Claim NO.: 20-CV-0746-JLS
(C) Date The Action Was Filed: May 26TH, 2020
(D) Disposition Of The Case: Pending Decision



(8) Robert McFadden - vs. - The State Of New York
(A) Jurisdiction: New York State Court Of Claims
(B) Claim No.: 137138
(C) Date The Action Was filed: October 19th, 2021
(D) Disposition Of The Case: Pending Trial

— Complaint / Petition —

Plaintiff, Robert McFadden (#14-B-3670), alleges the following based upon personal information & belief:

(1) Plaintiff "McFadden" is an incarcerated individual appearing Pro-Se. The Plaintiff resides at the following Correctional Facility (address):
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

(2) Defendant, John T. Bradley ESQ., is an individual and an attorney, who at all times mentioned was, and still is, licensed to practice law in New York State.

(3) Defendant, John T. Bradley, was at all times mentioned employed as an attorney by Defendant

Monroe County Office Of The Public Defender. A government
agency of the State, of New York.

(4) On or about July 10th, 2013 the Plaintiff was arrested
& arraigned on two counts of murder in the second degree
N.Y. Penal Law 125.25 (1) & (3), arising out of an incident
that occurred on May 15th, 2012 in the city of Rochester New York.

(5) After being arrested, Defendant, The Public Defenders office
Of Monroe County New York, assigned Public Defender Michael
Lopez, before the Honorable John DeMarco, Monroe County
Court Judge.

(6) On the next court date, July 31st, 2013 Plaintiff appeared
with new assigned counsel, Matthew Lembke. The Public
Defenders office was removed from the case. Effectively replaced.

(7) A jury trial was conducted between September 18th, and
September 26th, 2014. Plaintiff was found guilty of the
lesser included offense of Manslaughter in the second degree,
N.Y. Penal Law 125.15.

(8) On December 2nd, 2014 the Plaintiff was sentenced to
an indeterminate term of 7½ to 15 years imprisonment
by Hon. John DeMarco, Monroe county court judge.

⑨ Around or about August 2019 New York State enacted legislation through the Domestic Violence Survivors Justice Act Penal Law (60.12), allowing defendants that have a temporal Nexus between abuse and offense to file a CPL 440.47 motion for resentencing reduction.

⑩ Eligible defendants are entitled to free representation with the right to appeal to the Appellate Division.

⑪ Around or about December, to February 2020 the Plaintiff began the process of obtaining representation by the Monroe County Public Defenders Officer, by sending a very specific/detailed letter requesting counsel to perfect a CPL.440.47 re-sentencing application pursuant to Penal Law (N.Y.) 60.12, the Domestic Violence Survivors Justice Act. Addressed to Timothy Donaher ESQ., Defendant Number Two.

⑫ Defendant Donaher responded to the Plaintiff via written communication, enclosed with a questionnaire for the Plaintiff about abuse & the Nexus of Domestic Violence/abuse with the instant offense/crime. Also a request for documentation/Documents from

State/government agencies, i.e. police reports, Pre-Sentencing Investigation Report, treatment facilities, Parole/Probation, Mental Health treatment records from the office of Mental Health....etc.

⑬ Between February 2020 & June 2020 the Plaintiff maintained contact & correspondence with Defendant Timothy P. Donaher, ESQ. at the Public Defenders Office of Monroe County in the State of New York. The Plaintiff provided approximately 85 pages of government/state agencies records relevant for proof of reported abuse history.

⑭ Around or about February 2020 the Plaintiff mailed the above stated approximately 85 pages of various records to the Defendant Timothy P. Donaher ESQ. at the Monroe County Public Defenders office. After weeks (about two) of no reply, the Plaintiff made a 3-way call to the Public Defenders office to inquire about the documentation being received. At that time, the phone call was recorded over the prison phone system. Timothy Donaher stated to the Plaintiff that he never received the mail & it could've gotten lost.

⑮ The Plaintiff then mailed additional documents to the defendant Timothy Donaher on June 28ᵀᴴ 2020.

(16) Around or about August 2020, defendant Timothy Donaher contacted the Plaintiff advising him that the Public Defenders Office has assigned my case to John T. Bradley, ESQ. defendant number one.

(17) From August 2020 to October 7, 2021 defendant John T. Bradley failed to communicate with the Plaintiff & refused to write the Plaintiff back in the regards of the re-sentencing application pursuant to CPL. 440.47 & Penal Law 60.12.

(18) It was clear or should have been clear to the Defendants throughout the course of the proceedings that the Plaintiff's re-sentencing application was premised on the domestic abuse by his wife & the Nexus to the instant offense is established through the Rochester Police Department Major Crimes Unit investigative reports & the attached depositions. In that the Plaintiff provided records, & police reports & documents relevant to the Plaintiffs wife, criminal history, & temperment.

(19) It was clear that the Plaintiff produced sufficient evidence to establish that there was a Nexus between the Plaintiff's Domestic Abuse with his wife & the crimes charged for which the Plaintiff was prosecuted on.

20) During the course of the proceedings, Defendants failed to take proper steps to obtain exculpatory evidence, in that the Defendants never communicated with the Plaintiff in the regards of nature & availability of exculpatory evidence & witnesses. The defendants totally failed to investigate or take any steps to comprehend the nature of the Plaintiffs claimed domestic violence history & the abuse inflicted upon the Plaintiff by his wife haeanna McFadden.

21) The Plaintiff sent many letters of inquiry addressed to John T. Bradley, ESQ. to which he ignored from August 2020 to October 7TH, 2021, at which time John T. Bradley responded to the seventh Judicial District State of New York Attorney Grievance Committees.

22) All letters & complaints about John Bradley were addressed to John Bradley, & Timothy P. Donaher, his supervisor/boss. Timothy Donaher ignored all letters, phone calls, & voice mails.

23) The Defendants failed to file the Plaintiffs CPL.440.47 motion for resentencing under the Domestic Violence Survivors Justice Act. Partly or totally because the Defendant John Bradley, and/or other employees of the Defendant Timothy P. Donaher and the Monroe county Public

Defenders office did not believe that the Plaintiff was innocent or simply had other priorities than adequately and properly defending Plaintiff.

(24) The Defendants never had a domestic violence expert review the Plaintiffs discovery documents & reports relevant to the Plaintiffs wife. Instead, the defendants focused their attention erroneously on forming a legal argument based on abusive treatment when the Plaintiff was a child. The Defendants assumed the wrong legal arguments & provided highly incorrect information to Kelly A. Pager, an Investigator with the State of New York Attorney Grievance Committees.

(25) The Defendant John T. Bradley did not contact & notify the Plaintiff that he would not be filing an application for the Plaintiff, until October 12TH, 2021, once Mr. Bradley was ~~contacted~~ contacted by the Attorney Grievance Committee.

(26) In retaliation to the Plaintiffs complaint, defendant John T. Bradley closed out the representation of the Plaintiff falsely determining there was no basis for the application due to childhood abuse. Defendant Timothy P. Donaher never responded to the Plaintiffs complaints.

(27) As a results of the failure to take the necessary steps as noted above to obtain the Plaintiff's sentence reduction & freedom, the Plaintiff remained in gail more than 12 months without the Defendants filing a motion or corresponding with the Plaintiff.

(28) Defendant John T. Bradley told the Plaintiffs fiance Khaliah Edwards that he & an domestic violence expert would visit the Plaintiff around 2021 spring or summer. Due to this representation, Khaliah Edwards then retained counsel Michael Witmer, ESQ. for perfecting the Federal Habeas Corpus.

(29) It was clear that John Bradley falslly represented facts to Khaliah Edwards via phone calls. Such facts are recorded on the prison phone system & the Plaintiff will seek to introduce these audio recordings at trial. Had the defendant stated to Ms. Edwards that he will not be filing an application & closing out his representation the Plaintiff could have & would have retained another counsel, or paid Michael Witmer to file the resentencing application. Now the Plaintiff remains in gail longer than he should be by at least 1 year / 12 months. Time wasted.

(30) The failure to communicate, obtain evidence & witnesses,

& the failure to investigate and file the mentioned application for re-sentencing was negligent and fell below the proper standard of care.

(31) Accordingly, at no time throughout the proceedings was the Plaintiff afforded the constitutional requisite of Due Process.

(32) The described acts & omissions were done or omitted by employees of the Defendant, The Monroe County Public Defenders Office, while acting on its behalf and for its benefit and within the scope of their employment & authority.

(33) The acts & omissions of the Defendants were done while they were acting under the color of law as described above and were done with deliberate and reckless disregard of the Plaintiff's constitutional rights.

(34) As a results of the Defendants acts & omissions, the Plaintiff has undergone severe mental trauma as well as a loss of life's enjoyment and will continue to so suffer in the future.

(35) As a result of Defendants acts & omissions, the Plaintiff has suffered and will continue to suffer a loss of earnings and/or earning power.

## — First Cause Of Action —

(36) Plaintiff incorporates each of the above paragraphs of this Complaint as though fully set forth here.

(37) As a direct and proximate cause of the action and omissions of the Defendant John T. Bradley, (ESQ.), the Plaintiff was deprived of precious rights, privileges & immunities secured to him by the laws and Constitution of the United States and the State of New York, all to Plaintiff's great detriment and loss.

(38) The actions of the Defendant John T. Bradley, ESQ., deprived Plaintiff of Equal Protection of the law and his rights & privileges and immunities under the laws and the Constitution of the United States and the State of New York, including, a violation of 42 U.S.C.A. §1983, and particularly Plaintiff's right to be free from imprisonment and prosecution. His right to be secure and free in his person, to have access to the courts and Due Process, all to Plaintiff's financial detriment and loss.

(39) By the described actions, the Defendant John T. Bradley, ESQ., deprived the Plaintiff of the rights secured to

Plaintiff by the Constitution of the United States, particularly the Fourth, Fifth, and Fourteenth Amendments, in violation of 42 U.S.C. A. §1983, and the laws and constitution of New York State.

(40) Plaintiff is entitled to recover attorney's fees and costs under 42 USCA. §1988 and New York State statute.

## —Second Cause Of Action—

(41) Paragraphs 1 through 40 are incorporated by reference as though fully set forth at length here.

(42) At all times mentioned, Defendants Timothy P. Donaher & The Monroe County Public Defender's Office negligently failed to properly supervise and monitor the conduct of Defendant John T. Bradley in his handling of the application for re-sentencing of the Plaintiff, as described above, in that Defendant Timothy P. Donaher failed to investigate the Plaintiffs complaints against John T. Bradley, failed to respond to complaints regarding John T. Bradley's lack/failure to communicate with the Plaintiff & investigate the Nexus between the Plaintiffs abuse

and how it impacted the commission of the charged offense. The Defendants mishandled the Plaintiff's documents & records & police reports. In the effect of losing/misplacing the records & reports, and the failure to make the correct nexus between such reports & the relevance of the resentencing application.

(43) The described acts & omissions of Defendants John T. Bradley, Timothy P. Donaher, & the Monroe County Public Defenders Office, deprived the Plaintiff of Equal Protection of the law with regard to Plaintiff's rights, privileges and immunities under the laws and Constitution of the United States and New York State, in particular Plaintiff's right to be free from imprisonment, oppression, and intimidation, and his right to Due Process, all to his great mental and financial detriment and loss.

(44) The described acts and omissions of Defendants John T. Bradley, Timothy P. Donaher, & The Monroe County Public Defenders Office, were committed under the color of law, all of which deprived the Plaintiff of his rights, privileges and immunities guaranteed to Plaintiff as a citizen of the United States and of New York State, and deprived the

Plaintiff of his rights guaranteed under the **First**, and Fourteenth Amendments of the United States Constitution and the laws and Constitution of New York State.

(45) The improper oppressive and arbitrary acts and failures of the Defendants and its policy makers were the proximate cause of the injuries and damages suffered and incurred by Plaintiff.

(46) Plaintiff is entitled to reasonable attorney's fees, costs and expenses.

(47) The actions perpetrated on Plaintiff were so outrageous and willful that an award of punitive damages is warranted.

— Third Cause Of Action —

(48) Paragraphs 1 through 47 are incorporated by reference as though fully set forth at length here.

(49) At all times mentioned, The Defendant John T. Bradley was acting on behalf of and for the benefit of Defendants Timothy P. Donaher & The Monroe County Public Defenders Office, and within the scope & course of his employment.

50) The actions or lack of action by Defendants were done with malice and constituted willful misconduct, in that John T. Bradley failed to correspond or communicate with the Plaintiff regarding the resentencing application. That John T. Bradley falsely told Khaliah Edwards that he would be scheduling a prison visit with the Plaintiff accompanied by a psychologist and never did so. That John T. Bradley made false statements and representations to Kelly A. Page about the eligibility of the Plaintiff's case for the resentencing application when he failed to make the nexus with the Plaintiff's wife & the charged instant offense and failed to seek clarity & understanding, and ultimately failed to file the motion prior to closing out the Plaintiff's representation for re-sentencing. The negligence of Defendant Bradley consisted of the above acts & omissions.

— Fourth Cause Of Action —

51) The negligence of the Defendants, John T. Bradley, Timothy P. Donaher, and The Monroe County Public Defenders Office consisted of the following:

A) Defendants failed to diligently investigate Plaintiff's claim;

B) Failed to promptly file the resentencing application so that needed discovery could be obtained & evidentiary hearings held with witnesses called on behalf of the Plaintiff;

C) Failed to keep Plaintiff properly advised of the progress of his case, and in fact, misrepresented the progress of the case and improperly advised Plaintiff of the applicable statutes.

D) Failed to initiate and conduct litigation.

52) As a result of the Attorney-client relationship created by the above conduct of the parties, Defendants had a duty to represent Plaintiff with the reasonable care, skill, and diligence possessed & exercised by the ordinary attorney in similar circumstances.

53) Defendant's conduct in improperly investigating Plaintiff's case was a breach of Defendant's duty to exercise reasonable care, skill, and diligence on Plaintiff's behalf. Defendant's duty included the responsibility to investigate every phase of Plaintiff's case.

54) As a results of Defendant's negligent failure to investigate Plaintiff's Domestic Violence History for re-sentencing prior to this action, the trial court never received the Plaintiff's case & the Defendants closed out Plaintiff's representation on false pretenses. Thus, Plaintiff was denied relief on the basis of his claims prematurely.

WHEREFORE, Plaintiff respectfully requests the following relief:

① Judgment against defendants for actual damages in an amount to be proven at trial.

② Damages in the amount of $250,000.00 ———— Two Hundred Fifty Thousand Dollars.

③ Court costs; and

④ An attorney assigned to represent the Plaintiff in this matter.

⑤ Any further relief to which the Plaintiff is entitled.

Dated: January 19ᵗʰ, 2022

Robert McFadden #14-B-3610
Robert McFadden, Pro-Se
Southport Corr. Facility
P.O. Box 2000
Pine City, New York 14871

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robert McFadden

**(b)** County of Residence of First Listed Plaintiff   Chemung
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro-Se

## DEFENDANTS

John T. Bradley, Monroe county Public Defender office
Timothy P. Donaher   Monroe
County of Residence of First Listed Defendant   Monroe
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

*USDC-WDNY   JAN 25 2022*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
  Plaintiff
- [X] 3  Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government
  Defendant
- [ ] 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane  [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product   Product Liability |  | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability  [ ] 367 Health Care/ |  |  | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &   Pharmaceutical |  | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander   Personal Injury |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'   Product Liability |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability  [ ] 368 Asbestos Personal |  | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine   Injury Product |  | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product   Liability |  | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle  [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle  [ ] 371 Truth in Lending | Act |  | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability  [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal   Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury  [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
|  | [ ] 362 Personal Injury -   Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
|  | Medical Malpractice |  | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights  **Habeas Corpus:** | [ ] 791 Employee Retirement |  | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting  [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment  [ ] 510 Motions to Vacate |  | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/   Sentence |  | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations  [ ] 530 General |  | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -  [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
|  | Employment  **Other:** | [ ] 462 Naturalization Application |  | Agency Decision |
|  | [ ] 446 Amer. w/Disabilities -  [ ] 540 Mandamus & Other | [ ] 465 Other Immigration |  | [ ] 950 Constitutionality of |
|  | Other  [X] 550 Civil Rights | Actions |  | State Statutes |
|  | [ ] 448 Education  [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - |  |  |  |
|  | Conditions of |  |  |  |
|  | Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:   42 USCA 1983

Brief description of cause:   Civil Rights

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   # 250,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   None   DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

Robert McFadden #14B3670
SouthPort Corr. Facility
P.O. Box 2000
Pine City, New York 14871

January 23RD, 2022

Dear Clerk of The Court,

Please file & process the enclosed
42 USCA 1983 civil rights complaint on my behalf.
Thank you for your time & help. Should any
thing else be required of me, please write me at
the above address.

Respectfully Requested,
Robut Mcfadder
Robert McFadden, Pro-Se



SOUTHPORT
Correctional Facility
NEOPOST 01/24/2022 US POSTAGE $002.90
ZIP 14871
041M11274238

SOUTHPORT
Correctional Facility
NEOPOST 01/24/2022 US POSTAGE $000.66
ZIP 14871
041M11274238

Robert McFadden # 14B3060
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

U.S. District Court
Western District of New York
Attn: Clerk of The Court
100 State Street
Rochester, New York 14614