UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT MCFADDEN,

       Plaintiff,

    v.                              22-CV-74 (JLS)

JOHN T. BRADLEY, ESQ,
TIMOTHY P. DONAHER, ESQ, and
OFFICE OF THE PUBLIC
DEFENDER,

       Defendants.

_____

## DECISION AND ORDER

*Pro se* Plaintiff Robert McFadden is a prisoner confined at the Mid-State

Correctional Facility. *See* Dkt. 1. He filed this action under 42 U.S.C. section 1983

alleging that Defendants violated his constitutional rights by failing to file a state

court motion seeking a reduction in his sentence under New York State's newly

enacted Domestic Violence Survivors Justice Act, N.Y. Penal Law section 60.12.[1]

McFadden claims he was entitled to a sentence reduction under this legislation

because there was a "temporal nexus between [his] abuse and [the] offense" and

that Defendants' failure to file the requisite motion will result in a lengthier period

_____

[1] This statute authorizes "a court to impose reduced alternative, less severe, sentences in certain cases involving defendants who are victims of domestic violence." *People v. Burns*, 207 A.D.3d 646, 648 (2d Dep't 2022); *see generally* Donnino, McKinney's Practice Commentary, N.Y. Penal Law, § 60.12 (2019).

of incarceration.  Dkt. 1, at 7 ¶ 9.  McFadden also seeks permission to proceed *in forma pauperis* and has filed the requisite authorization.  Dkt. 5.

For the reasons below, McFadden's motion to reopen this case and proceed *in forma pauperis* is granted and his claims are dismissed under 28 U.S.C. sections 1915(e)(2)(B)(ii) and 1915A—unless he files an amended complaint as directed below.

## DISCUSSION

Because McFadden has met the statutory requirements of 28 U.S.C. section 1915(a) and filed the required authorization, Dkts. 2, 5, he is granted permission to proceed *in forma pauperis*.  Therefore, under 28 U.S.C. sections 1915 and 1915A, this Court must screen his Complaint.

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)–(2).  Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."  *Abbas*, 480 F.3d at 639 (internal

2

quotation marks omitted). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## I.   THE COMPLAINT

When evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

McFadden has sued the Office of the Monroe County Public Defender, and two attorneys employed (or formerly employed) by the Monroe County Public Defenders' Office, Timothy Donaher and John Bradley.

A liberal reading of the Complaint alleges the following. In December 2014, McFadden was sentenced to an indeterminate sentence of imprisonment of seven-

3

and-one-half years to fifteen years, based on a Monroe County conviction of Manslaughter in the Second Degree.  Dkt. 1, at 6 ¶ 8.  In or around August 2019, New York enacted new legislation, the Domestic Violence Survivors Act (the "Act").  N.Y. Penal L. § 60.12.  This legislation permitted defendants to seek a reduction in their prison sentence by filing a motion under N.Y. Criminal Procedure Law ("CPL"), section 440.47, if there was a "temporal nexus between [the] abuse and offense."  Dkt. 1, at 7 ¶ 9.  A defendant eligible for relief under the Act is entitled to free legal representation.  *Id.* at 7 ¶ 10.

Between December 2019 and February 2020, McFadden began writing to Defendant Donaher requesting representation to file a motion to reduce his sentence under CPL section 440.47.  Donaher responded by forwarding a questionnaire to McFadden regarding the alleged nexus between McFadden's domestic violence abuse and the offense for which he was convicted.  Donaher also forwarded a request for documentation related to McFadden's arrest, prosecution, and mental health treatment.  Dkt. 1, at 7–8 ¶ 12.  McFadden responded to Donaher and maintained contact with Donaher between February and June 2020.  *Id.* at 8 ¶ 13.  Because Donaher did not initially receive McFadden's responsive documents, McFadden re-sent the documents on June 28, 2020.  *Id.* at 8 ¶¶ 14–15.

In August 2020, Donaher notified McFadden that his matter had been assigned to Defendant Bradley.  Between August 2020 and October 2021, Bradley failed to communicate with McFadden regarding the motion to reduce McFadden's sentence.  McFadden alleges that it should have been clear to Bradley and Donaher

4

that the motion was premised on the abuse suffered at the hands of his wife and not any childhood abuse, and that the nexus between the abuse and McFadden's offense was established through the police records. *Id.* at 9–10 ¶¶ 17–19. He also alleges that Defendants failed to investigate the evidence and take the necessary steps to understand the nature of his domestic violence history for purposes of filing a motion. *Id.* at 10 ¶ 20.

In or around October 2021, McFadden filed a grievance against Bradley with the New York Seventh Judicial District Attorney Grievance Committee, and Bradley responded to the grievance. *Id.* at 10 ¶ 21. McFadden's complaints were also addressed to Donaher, Bradley's supervisor. *Id.* at 10 ¶ 22.

Defendants never filed a CPL section 440.47 motion requesting a reduction in McFadden's sentence under the Act, and McFadden alleges that this was "[p]artly or totally because [Defendants] . . . did not believe that [McFadden] was innocent or simply had other priorities than adequately and properly defending [him]." *Id.* at 10–11 ¶ 23. Bradley did not notify McFadden that Bradley declined to file a motion until October 12, 2021, "once Bradley was contacted by the Attorney Grievance Committee." *Id.* at 11 ¶ 25.

McFadden alleges that Bradley retaliated against him by ending his representation and "falsely determining that there was no basis for the [motion] due to childhood abuses." *Id.* at 11 ¶ 26. He also alleges that Bradley's failure to take steps necessary to investigate the issues involved and file a motion resulted in him

remaining in jail "more than 12 months without the Defendants filing a motion or corresponding with [him]." *Id.* at 12 ¶ 27.

Bradley informed McFadden's fiancée that Bradley and a domestic violence expert would visit McFadden in the Spring or Summer 2021. *Id.* at 12 ¶ 28. Because of this representation, McFadden's fiancée hired an attorney to file a federal petition for a writ of habeas corpus.[2] *Id.* McFadden claims that Bradley's representation to McFadden's fiancée prevented McFadden from retaining another attorney to file the motion, and "[n]ow [he] remains in jail longer than he should be by at least 1 year/12 months." *Id.* at 12 ¶ 29.

McFadden alleges that, because of Defendants' "negligen[ce]," "acts [and] omissions," and "deliberate and reckless disregard of [his] constitutional rights," he has suffered mental trauma, lost enjoyment of life, and lost earnings. *Id.* at 12–13 ¶¶ 30–35. McFadden seeks monetary damages. *Id.* at 20.

## II.    SECTION 1983 CLAIMS

To state a valid claim under 42 U.S.C. section 1983, the plaintiff must allege that "the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir. 1994)). Section 1983 itself "creates no substantive rights; it provides only a

---

[2] The Court dismissed this petition on May 10, 2023. *See* Dkt. 36, *McFadden v. Keyser*, 1:20-cv-00746-JLS-MJR.

procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under section 1983, a plaintiff must sufficiently allege the officer's personal involvement in the alleged constitutional violation; it is not enough to assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of respondeat superior is not available in a section 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). There is no "special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### A.    Donaher and Bradley

McFadden seeks relief against Donaher and Bradley under section 1983 alleging that, as members of the Monroe County Public Defender's Office, they were persons acting under color of law and either provided ineffective assistance of counsel or negligently performed their duties in violation of his constitutional rights. Section 1983 creates a cause of action only against "persons acting under color of state law[.]" *Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir. 1996). It is well established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal

7

proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (county public defender does not act under color of state law when performing traditional advocacy functions); *accord Rodriguez v. Welprin*, 116 F.3d 62, 65–66 (2d Cir. 1997); *Wiggins v. Buffalo Police Dept.,* 320 F. Supp. 2d 53, 55–56 (W.D.N.Y. 2004) (dismissing with prejudice "Erie County Assigned Counsel Program" because public defenders and those assigned by the court are not state actors for purposes of the "state action" requirement of section 1983).

Non-state actors, like Donaher and Bradley, can act under color of state law "when engaged in a conspiracy with state officials to deprive another of federal rights." *Tower v. Glover*, 467 U.S. 914, 920 (1984). The Complaint fails to make any allegation, however, that Donaher and Bradley conspired with state or local officials when determining whether to file a motion seeking a reduction in McFadden's sentence.

Further, any claims alleging that Donaher—as the Monroe County Public Defender who supervised Bradley—is liable for Bradley's acts or omissions must also be dismissed. A defendant cannot be liable under section 1983 based solely on a theory of respondeat superior, *Hernandez*, 341 F.3d at 144, and Bradley is not a state actor and, thus, not subject to suit under section 1983. Therefore, "there is no unconstitutional conduct for which [Donaher], as supervisor, can be held responsible." *See Brooks v. Creahan*, 9:15-CV-0090 (BKS/TWD), 2015 WL 13850057, at * 9 (N.D.N.Y. 2015); *Linares v. Mahunik,* No. 9:05-CV-0625 (GLS/RFT), 2006 WL 2595200, at *11 (N.D.N.Y. Sept. 11, 2006) (holding plaintiff

8

could not "sustain a supervisory liability claim as there was no wrong for [supervisor-defendant] to remedy since there [was] no constitutional violation"). Accordingly, the Complaint fails to state a claim upon which relief can be granted against Donaher and Bradley.

### B.   Monroe County Public Defender's Office

McFadden also sues the Monroe County Public Defender's Office alleging that it is responsible for Donaher's and Bradley's acts or omissions. The claims against this Defendant also must be dismissed because the Monroe County Public Defender's Office—an arm of the County without a legal identity separate and apart from the County—cannot be sued. *See Loria v. Irondequoit*, 775 F. Supp. 599, 606 (W.D.N.Y. 1990) (departments that "are merely administrative arms of a municipal corporation, do not have a legal identity separate and apart from the [municipality]").

Further, there are no allegations that Donaher's and Bradley's actions were performed pursuant to a municipal policy or custom of the County. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Morris v. Jefferson Cnty. Public Defender's Office*, No. 7:09–CV–1412, 2010 WL 455467, at *2 n.1 (N.D.N.Y. Feb. 3, 2010) (assuming County Public Defender's Office is a municipal entity, dismissing claims against it because no allegations that the unconstitutional conduct occurred pursuant to a municipal or custom sufficient to assert a plausible claim against it). Additionally, because Donaher and Bradley cannot be subject to suit under section 1983, there can be no cause of action against Monroe County.

9

*See, e.g., Claudio v. Sawyer,* 675 F. Supp. 2d 403, 408 (S.D.N.Y. 2009) (the Second

Circuit requires an underlying constitutional violation by a state actor as a

prerequisite to municipal liability under *Monell*).

### C.    Amended Complaint

A *"pro se* litigant should be afforded every reasonable opportunity to

demonstrate that he has a valid claim." *Satchell v. Dilworth,* 745 F.2d 781, 785 (2d

Cir. 1984); *see Cuoco,* 222 F.3d at 112 ("A *pro se* complaint is to be read liberally.

Certainly, the court should not dismiss without granting leave to amend at least

once when a liberal reading of the complaint gives any indication that a valid claim

might be stated."). Accordingly, McFadden is granted leave to file an amended

complaint within **forty-five (45) days of the filing of this Decision and Order**

to raise any allegations that could support a section 1983 claim against Defendants.

### CONCLUSION

Because McFadden has met the statutory requirements of 28 U.S.C. section

1915(a) and filed an Authorization, his request to proceed *in forma pauperis* is

granted. For the reasons set forth above, McFadden's Complaint must be dismissed

pursuant to 28 U.S.C. section 1915(e)(2)(B)—unless he files an amended complaint

within **forty-five (45) days of the filing of this Decision and Order** in which he

includes the necessary allegations regarding his claims as directed above and in a

manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

McFadden is advised that an amended complaint is intended to **replace**

**completely** the prior complaint in the action. "It is well established that an

amended complaint ordinarily supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n.4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, McFadden's amended complaint must include all of the allegations against the Defendants he can plead a plausible claim against, so that the amended complaint may stand alone as the sole complaint in this action.

McFadden is forewarned that if he fails to file an amended complaint as directed, the Complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). McFadden is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. section 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

11

## ORDER

IT HEREBY IS ORDERED, that McFadden's motion to reopen this action and proceed *in forma pauperis* is granted;

FURTHER, that McFadden is granted leave to file an amended complaint as directed above within **forty-five (45) days of the filing of this Decision and Order**;

FURTHER, that the Clerk of Court is directed to send to McFadden with this Decision and Order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event McFadden fails to file an amended complaint as directed above within **forty-five (45) days of the filing of this Decision and Order,** the Complaint shall be dismissed pursuant to 28 U.S.C. §§ 1915(2)(2)(B) and 1915A without further order of the Court;

FURTHER, that in the event the Complaint is dismissed because McFadden has failed to file an amended complaint within **forty-five (45) days of the filing of this Decision and Order**, the Clerk of Court shall close this case as dismissed without further order;

FURTHER, that in the event the Complaint is dismissed because McFadden has failed to file an amended complaint within **forty-five (45) days of the filing of this Decision and Order,** the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United*

12

*States*, 369 U.S. 438, (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure; and

       FURTHER that McFadden shall notify the Court in writing if his address changes.  The Court may dismiss the action if McFadden fails to do so.

SO ORDERED.

Dated:       May 21, 2024
             Buffalo, New York

                                        JOHN L. SINATRA, JR.
                                        UNITED STATES DISTRICT JUDGE